# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                Plaintiff,<br><br>   v.<br><br>DERRAL ADAMS et al.,<br><br>                Defendants. | Case No. 1:21-cv-01103-JLT-SAB<br><br>ORDER DISCHARGING FEBRUARY 2, 2022 ORDER TO SHOW CAUSE<br><br>(ECF Nos. 38, 39, 40) |

       The mandatory scheduling conference in this action was set for February 8, 2022, at 10:00 a.m. before this Court. (ECF No. 21.) Pursuant to the order setting the scheduling conference, the parties were directed to file a joint scheduling report within seven days prior to the scheduling conference. (Id. at 3.) The deadline to file the joint scheduling report expired and the parties failed to file a report. Accordingly, on February 2, 2022, the Court issued an order to show cause why the parties should not be sanctioned for failing to submit a joint scheduling report in compliance with the Court's order. (ECF No. 38.) In the same order, the Court continued the scheduling conference to March 3, 2022. (Id.)

       On February 7, 2022, counsel for Defendant Escobedo filed a declaration in response to the Court's order to show cause. (ECF No. 39.) Ms. Coleman's declaration indicates counsel attempted to confer with Plaintiff and Defendant Beach in order to prepare a joint report, but the

1

other parties were nonresponsive.  Also on February 7, 2022, counsel for Plaintiff filed a declaration in response to the Court's order to show cause.  (ECF No. 40.)  Mr. Dunn avers that he failed to comply with the Court's Order to prepare and submit a joint scheduling report because the deadline was not properly calendared by his office.  Further, Mr. Dunn apologizes for the error.  Defendant Beach, who is currently proceeding *pro se*, did not file any response to the Court's order to show cause.

With respect to Defendant Escobedo's response, the Court reminds counsel that, in the event other parties refuse to participate in the meet and confer process, a unilateral status report apprising the Court of the situation should be filed rather than ignoring the filing deadline entirely, as doing so may result in the issuance of sanctions.

Regarding Plaintiff's response, it is not entirely clear to the Court why, after receiving emails from Ms. Coleman on both January 28 and 31 regarding the imminent filing deadline, Mr. Dunn did not discover his calendaring error and remained unaware of the February 8, 2022 scheduling conference and his obligation to submit a joint scheduling report.  Further, counsel is reminded that it is his duty to carefully review all filings and docket entries so as to comply with the Court's orders and filing deadlines and therefore competently represent his client.

As to Defendant Beach, the Court recognizes that Mr. Beach recently became a *pro se* defendant, following the Court's January 27, 2022 order granting attorney Susan Coleman and Williams & Sorensen, LLP's motion to withdraw as counsel for Defendant Beach.  (ECF No. 36.) The Court also acknowledges that, because Mr. Beach is proceeding *pro se* and must be served all filings via mail, it is possible he has not yet received the Court's February 2, 2022 order or had sufficient opportunity to respond to the order to show cause.

This does not, however, explain Mr. Beach's failure to meet and confer with the other parties to prepare a joint scheduling report in advance of the filing deadline.  Indeed, a supporting factor in granting the motion to withdraw was the averment in Ms. Coleman's declaration that Mr. Beach would be provided with all case file documents and apprised of all upcoming Court deadlines.  (See ECF No. 28 ¶ 8.)  Presumably, this included the scheduling conference previously set for February 8, 2022.  Defendant Beach is therefore reminded that, despite his *pro se* status, he

1  nevertheless remains responsible for complying with all Court orders and deadlines and making his
2  own appearances.  Further, Mr. Beach is cautioned that if he fails to participate in this litigation or
3  otherwise comply with the Court's orders, he will be held accountable in the same manner as any
4  represented party and will be sanctioned.

5  Nonetheless, the Court is sufficiently satisfied with the responses submitted by Plaintiff and
6  Defendant Escobedo.  Accordingly, in the interests of justice, the Court's discretion to control its
7  docket, and the aforementioned considerations, the Court will discharge the order to show cause at
8  this time with respect to all parties.

9  Accordingly, IT IS HEREBY ORDERED that the February 2, 2022 order to show cause
10 (ECF No. 38) is DISCHARGED.

11 The parties are further reminded that the mandatory scheduling conference has been
12 continued to **March 3, 2022**, and the parties' joint scheduling report shall be filed at least **seven**
13 **(7) days** prior to the scheduling conference.  Failure to comply with this order will result in the
14 issuance of sanctions.

IT IS SO ORDERED.

Dated:    **February 8, 2022**

UNITED STATES MAGISTRATE JUDGE