# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE RAMOS, | Case No. 1:21-cv-01103-JLT-SAB |
| Plaintiff, | ORDER DENYING STIPULATED MOTION TO REOPEN DISCOVERY AND MODIFY SCHEDULING ORDER |
| v. | |
| JANEL ESPINOZA, et al., | (ECF No. 53) |
| Defendants. | |

## I.

## INTRODUCTION

This action was filed on July 20, 2021. (ECF No. 1.) On March 4, 2022, a scheduling order issued, setting a nonexpert discovery deadline of July 5, 2022. (ECF No. 44.) On Friday, July 1, 2022, the parties filed a stipulated motion to modify the scheduling order. (ECF No. 49.) On July 5, 2022, the Court granted the parties' motion, and modified the scheduling order. (ECF No. 50.) The Court extended the nonexpert discovery deadline until October 12, 2022, and continued the pretrial conference and trial dates in this matter. (Id.)

Currently before the Court is the parties' stipulated motion to reopen discovery and further modify the scheduling order, filed on November 4, 2022. (ECF No. 53.) Having considered the parties' stipulation as well as the Court's file, the Court issues the following order denying the parties' stipulated motion.

# II.

# LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When

ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

## III.

## DISCUSSION

In the Court's July 5, 2022 order, the Court noted that while finding good cause to modify the scheduling order, "the parties' initial discovery schedule was aggressive, and the parties likely knew of the need for modification earlier than the eve of the expiration of the nonexpert discovery deadline." (Id.) The Court granted the parties' request to extend the nonexpert discovery deadline to October 12, 2022. (Id.) Thereafter, the nonexpert discovery deadline expired on October 12, 2022. (Id.)

In the instant motion filed on November 4, 2022, the parties proffer that since the last modification, the parties have continued to work on discovery matters in this case, which has included: (1) Plaintiff attending an IME with Defendant Escobedo's psychology expert (Dr. Michelle Conover, Ph.D., Q.M.E.) on September 6, 2022; (2) Defendant Escobedo's counsel taking volume one of Plaintiff's virtual (Zoom) deposition on October 11, 2022; (3) the parties propounding and responding to written discovery;[1] and (4) Plaintiff's counsel noticing the deposition of Dr. Beach for October 14, 2022, which was the only mutually acceptable date for all parties at the time.

The primary basis for the requested reopening of discovery and extension of all dates and deadlines is that after attending volume one of Plaintiff's deposition on October 11, 2022, Defendant Dr. Beach came to the conclusion that he will be at a significant disadvantage in this

---

[1] The parties have not presented any specific description of the discovery completed, and what further written discovery, irrespective of the needs of Dr. Beach, that the parties may or may not pursue if the nonexpert discovery deadline is extended a further 6 month period.

3

1 lawsuit if he continues to be self-represented.  Dr. Beach made the determination that he needs
2 legal representation to be able to effectively defend the allegations being made against him in the
3 case, including needing counsel to defending him at his deposition.  As such, after Plaintiff's
4 deposition, Dr. Beach commenced to look for a civil rights defense attorney who could represent
5 him in this lawsuit.  The parties submit that in light of Dr. Beach's need for legal representation,
6 the deadlines in the scheduling order will need to be extended by approximately six (6) months
7 to allow for Dr. Beach to retain a defense attorney, for that attorney to familiarize themselves
8 with the case, for the taking of volume two of Plaintiff's deposition (giving Dr. Beach's counsel
9 the opportunity to ask questions relevant to Dr. Beach's defense), for Dr. Beach's counsel to
10 propound any written discovery to Plaintiff, and for Dr. Beach's deposition to be taken by
11 Plaintiff's counsel (which Dr. Beach's counsel will defend).

12       As an additional factor, the parties proffer that Plaintiff and Defendant Escobedo's
13 respective counsel had an informal discussion about exploring the possibility of settlement, and
14 proffer the proposed 6- month continuance would allow the parties to participate in a settlement
15 conference or mediation before needing to spend additional time and money on discovery and
16 pre-trial matters in this case.

17       Upon consideration of the above proffered reasons and legal standards, the Court finds
18 the parties have not been diligent.  The moving parties have not demonstrated that even with the
19 exercise of due diligence, they could not meet the requirements of the scheduling order.

20       First, the parties did not apparently seek an extension with the Court to conduct the
21 deposition on October 14, 2022, beyond the October 12, 2022, nonexpert discovery deadline.
22 Instead, the parties proceeded without notification to the Court, perhaps in an effort to not burden
23 the Court with a stipulation on a minor deviation.  However, at this juncture, that affront to the
24 deadlines contained in the scheduling order is only compounded by the fact the parties did not
25 submit the instant motion prior to the expiration of the discovery deadline, nor anywhere near the
26 deadline after the parties attended the deposition on October 11, 2022.  See Phillips-Kerley v.
27 City of Fresno, No. 118CV00438AWIBAM, 2021 WL 1966387, at *2 (E.D. Cal. May 17, 2021)
28 (quoting Mammoth Recreations, 975 F.2d at 610 ("Scheduling orders are 'not a frivolous piece

1 of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' ")).

2     Clearly, the parties should have moved for modification of the scheduling order earlier than this motion was submitted, or at least notified the Court around the time of the deposition. The parties have provided no reason or mention as to why the parties did not notify or present this motion to the Court at an earlier date, despite the requirements for modification of discovery deadlines that have been clearly stated in the Court's orders.  Therefore, the Court finds the parties have not sufficiently demonstrated diligence, and have not demonstrated good cause for reopening discovery or modification of the scheduling order.

    As indicated in the Court's August 4, 2020 order setting the mandatory scheduling conference, the parties were to proffer a "firm cut-off date for non-expert discovery," and the order specified that:

> The discovery/expert cut−off deadlines are the dates by which all discovery must be completed.  Discovery motions will not be heard after the discovery deadlines.  Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline.  In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel.  Counsel are expected to take these contingencies into account when proposing discovery deadlines.  All of these dates should be considered firm dates.

(ECF No. 5 at 4.)  The Court's initial scheduling order issued on March 4, 2022, further specified that:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed.  Absent good cause, discovery motions will not be heard after the discovery deadlines.  Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline.  In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel.  Counsel are expected to take these contingencies into account when proposing discovery deadlines.  Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within

>     the allotted discovery time. A party's failure to have a discovery
>     dispute heard sufficiently in advance of the discovery cutoff may
>     result in denial of the motion as untimely.

(ECF No. 44 at 3.) The Court's initial scheduling order set a pretrial conference and trial date in this matter before the assigned District Judge, and both the pretrial conference and trial dates were reset in this matter on July 5, 2022, when the Court granted the parties' stipulated motion to modify the scheduling order. (ECF Nos. 44, 50.) In this regard, the Court's initial scheduling order specifically warned the parties about the firm nature of the deadlines and trial date, in relation to the manner that parties should request modification:

>     The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.
>
>     **Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

(ECF No. 44 at 7 (emphasis in original).)

Despite the Court's previous admonition concerning submitting requests to modify the scheduling order on the eve of deadlines, the parties scheduled a deposition to occur after the close of nonexpert discovery, and did not move the Court for modification of the scheduling order until November 4, 2022.[2]

While this is a stipulated motion and no demonstration of prejudice to any party, the trial date has already been continued once in this matter, the moving parties have not demonstrated diligence in adhering to the guidelines established by the Court, and although there may be

---

[2] The Court notes that this is not the first occurrence in this action where the parties have not adhered to the requirements contained in the Court's orders. (See ECF Nos. 9, 11, 21, 45 ("The Court repeatedly reminded the parties to address the need for a motion to file pseudonymous pleadings in the joint scheduling report . . . [n]onetheless, the parties failed to discuss or address the need for such motion when the joint scheduling report was filed.").)

additional relevant discovery to be uncovered, the parties make no specific showing of what that discovery may be, and the foreseeability of the need for counsel and counsel's assistance for discovery was present at many earlier points in this litigation. See City of Pomona, 866 F.3d at 1066. More importantly, the lack of diligence in light of the attempts to schedule discovery after the close of discovery, then failing to move the Court at an earlier date, leads the Court to conclude the motion to modify the scheduling order is not supported by good cause.

Based on this timeline, the Court finds no good cause or diligence, particularly given the language in the multiple orders issued in this case. Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end."); Lockett v. Cnty. of Los Angeles, No. CV185838DSFJPRX, 2021 WL 8918123, at *1 (C.D. Cal. Aug. 12, 2021) ("Because he has not been diligent, Plaintiff has failed to demonstrate good cause to reopen discovery."); Bailey v. Enloe Med. Ctr., No. 218CV00055KJMDMC, 2022 WL 4134833, at *3 (E.D. Cal. Aug. 17, 2022) ("Courts consider several factors when deciding whether a party has shown 'good cause' to reopen discovery [but] [i]f the moving party was not diligent, the inquiry should end, and the request should be denied.") (citations omitted).

Federal Rule of Civil Procedure 6 provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); see also Ford v. Bortolamedi, No. 2:19-CV-00191-TLN-DB, 2022 WL 4357953, at *4 (E.D. Cal. Sept. 20, 2022) ("When the motion to extend time is made after time has expired, the Court must also consider excusable neglect.") In determining if excusable neglect justifies extending a court deadline, the Court is to consider four factors: 1) the danger of prejudice; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the party; and 4) whether the party acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (Pioneer), 507 U.S. 380, 395 (1993).[3] The Court further not find the parties have demonstrated excusable

---

[3] While Pioneer involved bankruptcy proceedings, the Ninth Circuit has utilized this test in a variety of circumstances for the excusable neglect standard. See United States v. Foster, 178 F.3d 1301 (9th Cir. 1999) (extension of time for Rule 4(b)(4) criminal appeal); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th

neglect to justify a reopening of discovery. For the reasons explained above, the Court finds the third factor weighs heavily against finding excusable neglect, as the reasons for the delay were well within the control of all of the parties at this juncture of litigation, even despite Dr. Beach's *pro se* status.

In that regard, the Court does not find Dr. Beach's *pro se* status to significantly alter the Court's considerations, although it does have some impact. See Bailey, 2022 WL 4134833, at *3 ("In some cases, an attorney's late-stage appearance on behalf of a plaintiff who was previously unrepresented might weigh in favor of a motion to reopen discovery . . . [b]ut pro se litigants must be diligent as well, and other relevant considerations must weigh in their favor."). Most importantly, Dr. Beach knew of the complex nature of this action and the necessities of discovery much earlier in this action, and made the decision to proceed *pro se*. (See ECF No. 36 at 4-6 (granting motion to withdraw counsel on January 27, 2022, and discussing that Mr. Beach was "offered the option to retain Counsel using his own funds, but he 'chose instead to proceed *pro per* at this time and seek counsel later if needed.' ").)

### IV.
### ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' stipulated motion to reopen discovery and modify the scheduling order (ECF No. 53) is DENIED.

IT IS SO ORDERED.

Dated: **November 8, 2022**

UNITED STATES MAGISTRATE JUDGE

---

Cir. 2010) (Rule 60(b)); Iopa v. Saltchuk-Young Bros., Ltd., 916 F.3d 1298, 1301 (9th Cir. 2019) (noting that "[w]e and our sister circuits have adopted the Supreme Court's four-factor test" in a variety of contexts, and upholding ALJ's use in an a regulatory context).

8